UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WENDY STARLAND, | : | |
| Plaintiff, | : | Civ. No. 10-4930 (JLL) |
| v. | : | |
| ROB FUSARI, ET AL., | : | ORDER |
| Defendants. | : | |

    This matter having come before the Court by way of the defendants' motion to seal [ECF No. 144], regarding excerpts of a confidential settlement agreement contained in the defendants' opposition to the plaintiff's motion for sanctions;[1]

    and the Court having reviewed the submission, the record, and the applicable law;

    and the Chambers of the Undersigned having instructed the parties to follow the directives for sealing embodied in the Court's June 13, 2012 Order [ECF No. 139];

    and the defendants having failed to provide proposed findings of fact and conclusions of law in their proposed order;[2]

---

[1] On May 18, 2012, the plaintiff moved for sanctions. (Mot. for Sanctions, May, 18, 2012, ECF No. 127.) On June 11, 2012, the defendants filed their opposition to the motion for sanctions. (Opp'n to Sanctions Mot., June 11, 2012, ECF No. 137.) In a letter dated June 15, 2012, counsel for non-party Stefani Germanotta notified the Court that the defendant's opposition to the motion for sanctions contained excerpts of the confidential settlement agreement. Thereafter, the Chambers of the Undersigned advised the defendants to contact the Clerk's office to seek temporary sealing of docket entry 137 and move to seal. The defendants did so, and the defendants' opposition was temporarily sealed pending the Court's review of the present motion.

[2] The defendants incorrectly placed in their brief (not the proposed order) a subsection entitled "Proposed Findings of Fact and Conclusions of Law." Moreover, this section merely reiterates their request for relief and is insufficient on its face. On its renewed motion, the

and the defendants having failed to list with specificity each entry for which sealing is sought;[3]

and the defendants' sealing brief quoting the very excerpts of the confidential settlement agreement that the defendants are seeking to seal in their opposition to the motion for sanctions;[4]

and it therefore appearing that the defendants have (a) failed to follow the directives of the Court's June 13, 2012 Order and Local Civil Rule 5.3, and (b) mistakenly incorporated the materials they seek to seal in their publicly filed brief seeking sealing;

IT IS on this 27th day of July 2012,

ORDERED that the defendants' motion to seal is denied without prejudice [ECF No.

---

defendants shall place their proposed findings of fact and conclusion of law in their proposed order, as required by L. Civ. R. 5.3(c)(5) and the Court's June 13, 2012 Order.

[3] The defendants' proposed order states: "Pages 16-17 of Docket Entry 137 are SEALED." (Defs.' Proposed Order, June 25, 2012, ECF No. 144-3.) The defendants' motion, however, only seeks to seal certain portions of pages sixteen and seventeen. On its renewed motion, the defendants shall follow the directives of the Court's June 13, 2012 Order and provide a proposed order with the exact relief sought. For example, Brief at Page XX, second paragraph, line Y, beginning with the word "AAA" to the word "ZZZ".

Relatedly, the defendants submitted a proposed "redacted" version but instead of redacting they merely deleted the portions of the brief that they seek to seal and replaced those paragraphs with the word "redacted." The original version and proposed sealed version should be the same unaltered document, except for the proposed black line redactions. On their renewed motion, the defendants shall redact (not delete) those specific portions for which sealing is sought.

[4] The defendants seeks to seal portions of a confidential settlement agreement that are quoted in the defendants' opposition to the motion for sanctions. As part of their publicly-filed brief seeking to seal these portions, however, the defendants re-quote these very portions verbatim as well as other portions of the confidential settlement agreement. Thus, after the Court temporarily sealed the offending portions, the defendants placed these very same materials back on the public electronic docket. Granting the motion without sealing the motion itself would thus be an exercise in futility.

144] for failure to follow the Court's directives and L. Civ. R. 5.3; and it is further

ORDERED that the materials presently under seal [ECF Nos. 137] shall remain under seal pending the Court's review of the defendants' renewed motion to seal; and it is further

ORDERED that the defendants' materials for the denied motion to seal [ECF No. 144] shall also be under temporary seal pending the Court's review of the defendants' motion to seal the brief in the motion to seal; and it is further

ORDERED that the defendants shall file their motion to seal on or before **August 13, 2012**, and such motion shall be in compliance with the protocol set forth in the June 13, 2012 Order; and it is further

ORDERED that if non-party Germanotta seeks to seal the same materials, any such motion shall be in compliance with the protocol set forth in the June 13, 2012 Order; and it is further

ORDERED that nothing herein constitutes a ruling as to whether or not the material identified warrants sealing.

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE