**Proskauer»**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 15, 2012

**By UPS**

Sandra A. Crawshaw-Sparks
Member of the Firm
d 212.969.3915
f 212.969.2900
scrawshaw@proskauer.com
www.proskauer.com

Hon. Michael A. Hammer
Martin Luther King Federal Building and U.S. Courthouse
MLK 3C
50 Walnut Street
Newark, NJ 07101

Re:  *Wendy Starland v. Rob Fusari, et al.*
     Civil Action No. 1:10-cv-04930 (JLL) (MAH)

Dear Judge Hammer:

We represent non-party Stefani Germanotta ("Germanotta"). We write pertaining to the Opposition to Plaintiff's Motion for Sanctions (the "Opposition") filed in the above-captioned matter by Defendants Rob Fusari and Rob Fusari Productions, Inc. (the "Fusari Parties") on June 11, 2012. Dkt. 137.

In the Opposition, the Fusari Parties quote directly from a Settlement Agreement between the Fusari Parties and Germanotta. *See* Dkt. 137 at 16-17. However, the Settlement Agreement from which the Fusari Parties quoted explicitly provides that the Settlement Agreement and its terms are confidential and not to be disclosed to third parties.[1] Despite their confidentiality obligations, the Fusari Parties publicly filed their Opposition without any attempt to seal the pages quoting from the Settlement Agreement, thereby materially breaching the Settlement Agreement.

We have sent a letter to the Fusari Parties demanding that they request that the Court seal pages 16 and 17 of the Opposition. If the Fusari Parties do submit such a request, we respectfully request that the Court grant it. Moreover, while we acknowledge that D.N.J. Local Rules 5.3(c)(1), (4), and (6) require an interested party to file a motion to intervene followed by a motion to seal in order to seal material submitted to the Court, if the Fusari Parties do not file a motion to seal, we respectfully request that, given: (a) the small quantity of material to be sealed; (b) the lack of a legitimate public interest in the terms of a confidential Settlement Agreement that should not have been disclosed in the first place; and (c) the circumstances under which the confidential material was revealed; the Court seal pages 16 and 17 of the Opposition without requiring Germanotta to intervene and engage in costly and time-consuming motion practice.

---

[1] Although, pursuant to the settlement agreement Germanotta cannot provide the Court with a copy of the relevant provisions thereof, Your Honor has already received a copy of the agreement in connection with earlier proceedings in this action, and ordered that a copy of it be produced to plaintiff's counsel on an attorneys' eyes only basis.

# Proskauer»

Hon. Michael A. Hammer
June 15, 2012
Page 2

Finally, we respectfully request that the Court *sua sponte* seal pages 16 and 17 of the Opposition on a temporary basis pending the Fusari Parties' response to our letter and/or their or our client's motion to seal, as per D.N.J. Local Rule 5.3(c)(6).

Respectfully submitted,

Sandra A. Crawshaw-Sparks

cc:   Charles B. Ortner, Esq.
      Kevin S. Blum, Esq.
      James C. DeZao, Esq.
      William Dunnegan, Esq.