LAW OFFICES OF JAMES C. DEZAO, P.A.
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY STARLAND, | : |
| Plaintiff(s) | : |
| vs. | : CIVIL ACTION |
| | : CASE NO.: 2:10-CV-04930-JLL-CCC |
| ROB FUSARI AND ROB FUSARI PRODUCTIONS, LLC, | : |
| Defendant(s) | : |

## DEFENDANTS' MOTION TO SEAL MATERIALS PURSUANT TO LOCAL RULE 7.1

The Defendants, Rob Fusari ("Fusari") and Rob Fusari Productions, LLC ("Rob Fusari Productions, LLC")("the Defendants"), submit this Memorandum in Support of their Motion to Seal the pages of their Opposition to the Plaintiff's Motion for Sanction that refer to a confidential Settlement Agreement between the Defendants and third parties. For the reasons set forth herein, the Defendants' Motion should be granted and Pages 16-17 of Docket No. 137 should be sealed, as described more fully below.

### Argument

#### Standard of Review

Local Rule 5.3 governs requests "to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-

1

making." *Id.* at (a)(1). "Materials" includes "documents of any nature and in any medium." *Id.* at (a)(2).

Motions to Seal references to, or portions of, settlement agreements have been granted. *See, e.g., Schumacher v. Souderton Area Sch. Dist.,* 105 Fed.Appx. 401, 402-03 (3d Cir. 2004)(granting motion to seal references to terms of settlement agreement); *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.,* 2009 WL 3230867 (D.N.J.)(granting motion to seal brief in support of motion for miscellaneous relief and settlement documents attached as exhibits); *Seals v. Herzing, Inc. – New Orleans,* 2012 WL 85280 (E.D. La.)(court granting defendant's motion to seal those exhibits that announced the settlement agreement's terms).

## Application

Pursuant to Local Rule 5.3(c)(2), this Motion to Seal is based upon the following facts (which have been redacted as needed):

(a)   Nature of the Materials or Proceedings At Issue

The Defendants seek to seal their Opposition to the Plaintiff's Motion for Sanctions, which referenced certain highly privileged and confidential materials. Specifically, at Pages 16-17 of the Opposition, reference is made to provisions of a Settlement Agreement, which is highly private and confidential as follows:



(b)   The Legitimate Private Interests That Warrant the Relief Sought

2

As set forth above, the parties to the Agreement have a legitimate private interest in maintaining confidentiality surrounding their Settlement and the provisions thereof. Specifically, the Agreement between the parties is highly confidential and in and of itself should not be revealed. Any revelation thereof harms both the non-party referenced and the Defendants. The third parties and the Defendants settled a matter that is highly notorious, with the intention that the settlement not be revealed in any manner.

Furthermore, the public has an interest in being able to enter into settlement agreements which, pursuant to their terms, are confidential, and ensure that their confidentiality will be maintained in a subsequent legal proceeding.

(c)  The Clearly Defined and Serious Injury That Would Result if the Relief Sought is Not Granted.

The Agreement itself betrays why serious injury shall result if the relief sought is not granted:



"

."

3

~~END BLACKOUT~~

Revelation of the terms of the Settlement Agreement would irreparably harm the parties thereto insofar as they are highly confidential, private, and not for public dissemination. Furthermore, there are high amount of damages presumed to have been suffered by any such revelation. The provisions of the Settlement Agreement referenced harm the third parties and the Defendants insofar as they specifically provide that monies were exchanged between the parties to the Agreement, and what the amount(s) were.

If this relief is not granted, the parties to the Settlement Agreement would be clearly defined and seriously injured. This specificity meets the standard required for sealing records.

(d) Why a Letter Restrictive Alternative to the Relief Sought Is Not Available.

Given the sensitivity of the matters contained in the Settlement Agreement and the sensationality of the topic, there are no less restrictive alternatives to the relief sought herein. Sealing details of a settlement agreement that requires the parties to maintain the confidentiality of its terms is appropriate. *See, e.g., Collis v. Bank of America, N.A.*, 2010 WL 2892559, 1 n. 1 (D. Md.)("Because the Settlement Agreement requires that the parties maintain the confidentiality of the terms, these Motions [to seal] are granted").

(e) The Quoted Portions of Settlement

Pages 16-17 of the Defendants' specified Opposition quotes the following provisions of the Settlement Agreement.

~~THIS MUST BE REDACTED BY BLACKING OUT~~



4



The Plaintiff does not object to this Motion or the relief sought herein. In fact, the Plaintiff has previously moved the Court to seal portions of documents she has filed which reference the subject agreement. The Plaintiff's Motion was denied, at which point her counsel informed that he would not object if the Defendants sought similar relief with respect to sealing the subject agreement.

Because the above pages of the Opposition cite to the confidential agreement, the Defendants' Motion to Seal should be granted.

### Conclusion

For the reasons set forth above, the Defendants' Motion to Seal should be granted.

Law Offices of James C. DeZao, P.A.
Attorney for Plaintiff(s)

Dated: 8/8/12

By: _____
JAMES C. DEZAO, ESQ.