**LAW OFFICES OF JAMES C. DEZAO, P.A.**
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY STARLAND, <br><br> Plaintiff(s) <br><br> vs. <br><br> ROB FUSARI AND ROB FUSARI PRODUCTIONS, LLC, <br><br> Defendant(s) | CIVIL ACTION <br> CASE NO.: 2:10-CV-04930-JLL-CCC |

**ORDER**

Upon the Motion to Seal of the Defendants, Rob Fusari and Rob Fusari Productions, LLC ("the Defendants"), the Court finds as follows:

(a) Proposed Findings of Fact and Conclusions of Law

The Defendants and certain non-parties entered into a confidential Settlement Agreement pertaining to an unrelated matter in or about 2010. The Settlement Agreement prohibits any party from revealing its existence or its terms, except as required by legal process. The Settlement further provides for presumed damages in a specified amount should its confidentiality provision be breached.

Recently, the Plaintiff has filed a Motion for Sanctions against the Defendants. In response to the Motion, the Defendants filed a Memo in which it was necessary for them

1

to reference certain terms of the Settlement Agreement. The Defendants did so while inadvertently violating the confidentiality provision.

The non-parties with whom the Defendants entered into the Settlement Agreement notified the Court that the Settlement Agreement had been referenced in the Defendants' Opposition. In response to the Court's directive, the Defendants sought a temporarily seal of Docket Entry 137 and moved to seal. Accordingly, the Court temporarily sealed Docket Entry 137 pending its review of the Defendants' Motion to Seal. On or about July 27, 2012, the Court denied the Defendants' Motion to Seal Without Prejudice, noting several deficiencies in it. The Defendants thereafter submitted a renewed Motion.

The parties to the Agreement have a legitimate private interest in maintaining confidentiality surrounding their Settlement in that it is highly confidential and not for public dissemination. Any revelation thereof harms both the non-parties referenced and the Defendants. The non-parties and the Defendants settled a matter that is highly notorious, with the intention that the Settlement not be revealed in any manner. Additionally, damages are presumed for any revelation of the Agreement.

Furthermore, the public has an interest in being able to enter into settlement agreements which, pursuant to their terms, are confidential, and ensure that their confidentiality will be maintained in a subsequent legal proceeding.

The terms of the Settlement Agreement referred to the in Docket No. 137 reveal confidential details thereof such as the amounts and sums of monies exchanged by and between the parties; are confidential and should not be revealed; will cause substantial

injury to the non-parties and to the Defendants; and, therefore, should be sealed given that there is no less restrictive means of affording relief hereto.

Given the sensitivity of the matters contained in the Settlement Agreement and the sensationality of the topic, there are no less restrictive alternatives to the relief sought herein.

If this relief is not granted, the parties to the Settlement Agreement would be clearly defined and seriously injured.

THEREFORE, it is hereby ORDERED that

Pages 16 and 17 of the Defendants' Opposition (Docket Entry 137) is sealed, to wit: the Defendants' references on those pages (16 and 17) to the Settlement Agreement, Section 12.01; Settlement Agreement, Section 12.02; and the Settlement Agreement, Section 12.06, are hereby redacted, sealed, and removed from Pages 16-17 of the Defendants' Opposition (Docket No 137). Thus, the following portions of Docket No. 137 is redacted:

Page 16, Last Partial Paragraph (2 lines; carrying over onto Page 17);

Page 17, First (partial) Paragraph (carrying over from Page 16);

Page 17, First Indented Paragraph (quoting language);

Page 17, First Full Paragraph (following quoted paragraph above).

Dated: _____

_____
Hon. Linares, U.S.D. J.