## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WENDY STARLAND, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-4930 (JLL) |
| | : | |
| v. | : | |
| | : | ORDER |
| ROB FUSARI AND ROB FUSARI | : | |
| PRODUCTIONS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter having come before the Court on the motion of nonparty Stefani Joanne

Germanotta ("Germanotta") to intervene in the instant action, pursuant to Fed. R. Civ. P. 24(b),

for the limited purpose of moving to seal Exhibits M, U, and I to the May 18, 2012 Declaration

of William Dunnegan in support of plaintiff's motion for Rule 37 sanctions against defendants

(ECF No. 153) and on Germanotta's concurrently filed motion to seal those exhibits (ECF No.

154);[1]

_____

[1] Germanotta has moved to intervene solely for the purpose of moving to seal certain
exhibits submitted in support of plaintiff's motion for sanctions. On May 18, 2012, plaintiff filed
a motion for Rule 37 sanctions arising from defendants' alleged violations of two discovery-
related court orders. ECF No. 127. In support of that motion, plaintiff submitted the Declaration
of William Dunnegan, with Exhibits A-U attached. Id. Plaintiff moved to seal, among other
items, Exhibits M, U, and I, because plaintiff alleged those items were designated as confidential
material pursuant to a previously-entered Settlement Agreement between nonparty Germanotta
and defendants. ECF Nos. 128, 129. On June 14, 2012, this Court denied without prejudice
plaintiff's motion to seal, determining plaintiff had failed to abide by Local Civil Rule 5.3(c)(2)
and ordered that, "by July 13, 2012, the plaintiff shall re-file its motion[] in compliance with the
protocol set forth [by the Court]." ECF No. 139. On July 13, 2012, however, plaintiff advised
the Court that she would not re-file the motion to seal because plaintiff did not have any
"personal claim to the confidentiality of the documents and no party claiming such

and Fed. R. Civ. P. 24(b) providing that "the court may permit anyone to intervene who[]

. . . has a claim or defense that shares with the main action a common question of law or fact[,]";

and the Third Circuit, in Pansy v. Borough of Stroudsburg, adopting the view that Courts

should interpret liberally the requirement that intervenors must show a common question of law

or fact "when intervenors are not becoming parties to the litigation," 23 F.3d 772, 778 (3d Cir.

1994) (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992)), and

noting that "although permissive intervention ordinarily requires independent jurisdictional

grounds, an independent jurisdictional basis is not required [where] intervenors do not seek to

litigate a claim on the merits," Id. at 778 n.3 (citing Beckman, 966 F.2d at 473);

and the Court finding here that Germanotta does not seek to intervene to assert additional

claims or to become a party to the litigation;

and, pursuant to Fed. R. Civ. P. 24(b), a nonparty having the right to intervene "to

challenge protective or confidentiality orders entered in [an] action[,]" see Pansy, 23 F.3d at 778;

and Local Civil Rule 5.3(c)(4) providing that "[a]ny interested person may move to

intervene pursuant to Fed. R. Civ. P. 24(b) before the return date of any motion to seal or

otherwise restrict public access[]";

and the Court's decision to grant or deny a Rule 24(b) motion for permissive intervention

being "wholly discretionary[,]" see South Dakota v. U.S. DOI, 317 F.3d 783, 787 (8th Cir.

---

confidentiality has presented their position as to the confidentiality of those documents."
Albergo Letter at 1, ECF No. 152.  Plaintiff also stated that she did "not want to expend
resources to preserve the confidentiality of these document [sic] and consents that they be
unsealed if the Court so orders."  Id. at 2, ECF No. 152.  In response, nonparty Germanotta filed
the instant motion to intervene on July 13, 2012, for the limited purpose of moving to seal
Exhibits M, U, and I.  ECF No. 153.  In addition, Germanotta filed concurrently a motion to seal
these exhibits.  ECF No. 154.  No party has opposed either motion.

2003); H.L. Hayden Co. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad."); 7C Wright, Miller & Kane, Federal Practice and Procedure § 1913, at 376-77 ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) . . . .");

and Fed. R. Civ. P. 24(b) further providing that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights[,]" see Fed. R. Civ. P. 24(b)(3);

and the Court having considered the Memorandum of Law in support of Germanotta's Motion to Intervene for the limited purpose of moving to seal Exhibits M, U, and I (ECF No. 153), and finding that intervention will not unduly delay or prejudice any rights of the original parties;[2]

and there being no objection to Germanotta's motion to intervene;

and Local Civil Rule 5.3(c)(2) requiring that a party seeking an order sealing or otherwise restricting public access to Court proceedings or materials filed with the Court must file a motion that describes:

(a) the nature of the materials or proceedings at issue, (b) the legitimate private or

---

[2] Germanotta argues that the Court should grant her motion to intervene for the purpose of moving to seal certain documents filed by plaintiff in the instant action because "[c]onsistent with [Pansy's] tenet, the only way in which non-parties are authorized to move to seal documents in this Court is by moving to intervene[,]" see Germanotta Br. at 1, ECF No. 153-1. The Court agrees. Pursuant to Rule 24(b), Germanotta may intervene in this action for the sole purpose of moving to seal Exhibits M, U, and I to the Declaration of William Dunnegan because such intervention, for that express and limited purpose, will not unduly delay or prejudice the adjudication of either party's rights. In fact, neither party objects to nonparty Germanotta's motion to intervene. Furthermore, the Court has broad discretion in deciding motions for permissive intervention. Accordingly, Germanotta is permitted to intervene for this limited purpose.

public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available;

L. Civ. R. 5.3(c)(2);

and Local Civil Rule 5.3(c)(2) also requiring that any application to seal must include proposed findings of fact and conclusions of law;

and Local Civil Rule 5.3(c)(2) also requiring the party seeking sealing to demonstrate that no less restrictive alternative is available;

and the Court having reviewed Germanotta's concurrently filed Motion to Seal Exhibits M, U, and I (ECF No. 154), including Germanotta's proposed findings of fact and conclusions of law and proposed order (ECF No. 154-3);

and the Court finding that Germanotta seeks to seal the entirety of Exhibits M, U, and I to the May 18, 2012 declaration of William Dunnegan in Support of Plaintiff's Motion for an Order Sanctioning Defendants (ECF No. 127), but that she fails to address adequately why a less restrictive alternative to this relief is not available;[3]

---

[3] Germanotta argues that the entirety of these exhibits should be placed under seal because the sensitive and confidential information in each exhibit is inseparable from the remainder of the exhibit.  See Germanotta Br. at 7-10, ECF No. 154-1.  However, Germanotta has failed to meet her burden of showing why a less restrictive alternative to entirely sealing these exhibits is not available.  See L. Civ. R. 5.3(c)(2)(d); Wolpert v. Abbott Labs., No. 08-4849 (JBS), 2011 U.S. Dist. LEXIS 33173, at *5-6 (D.N.J. Mar. 25, 2011) (finding that redaction was a "less restrictive means" for protecting the party's legitimate private interest in protecting personal information).  For example, Germanotta seeks to seal the entirety of Exhibit I.  See Germanotta Br. at 10-11, ECF No. 154-1.  However, in explaining why sealing is warranted, Germanotta states that she is "currently involved in a confidential proceeding with [defendant] Fusari involving a statement that she made in the deposition excerpt that is attached as Exhibit I" and directs the Court to "see also Exhibit I at 49:2-6." Id. at 10.  Thus, it appears that Germanotta seeks to restrict public access to only five lines on one page of the deposition transcript, and sealing the entirety of Exhibit I would be overbroad.  See Vista India, Inc. v. RAAGA, LLC, No. 07-1262 (HAA), 2008 U.S. Dist. LEXIS 24454, at *11 (D.N.J. Mar. 27,

IT IS THEREFORE ON THIS 17th day of September, 2012

ORDERED that Germanotta's motion to intervene in the instant action for the limited purpose of moving to seal certain documents is granted; it is further

ORDERED that Germanotta's motion to seal Exhibits M, U, and I of the May 18, 2012 Declaration of William Dunnegan in support of plaintiff's motion for Rule 37 sanctions against defendants (ECF No. 154) is denied without prejudice; and it is further

ORDERED that the documents presently under seal (ECF No. 129) shall remain under seal pending the Court's review of the plaintiff's re-submitted motion; and it is further

ORDERED that, by October 1, 2012, Germanotta shall re-file her motion to seal in compliance with the protocol set forth below; and it is further

ORDERED that a party seeking to seal materials shall file a formal motion and shall:

(1) include both the document(s) the movant seeks to have sealed and a proposed redacted version of the document(s) that the party proposes to file publicly;

(2) for all proposed redacted portions, identify the redacted portion or pages and explain (a) the legitimate private or public interests which warrant the relief sought; (b) the clearly defined and serious injury that would result if the relief sought is not available, see L. Civ. R. 5.3(c)(2); and (c) the position of the adverse party concerning the request to seal and, if applicable, the reason(s) why the request to seal is opposed; and

(3) a proposed form of order that lists with specificity each entry for which sealing is sought, and includes Proposed Findings of Fact and Conclusions of Law; and it is further

ORDERED that nothing herein constitutes a ruling as to whether or not the material identified warrants sealing.

---

2008) (granting defendant's motion to seal, but finding that "sealing all of the pages that [defendant] has requested is far too broad" and "only the testimony . . . that discusses any information about the terms of the license and settlement agreements should be sealed").

s/ Michael A. Hammer
_____
**UNITED STATES MAGISTRATE JUDGE**