UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WENDY STARLAND, | : | |
| Plaintiff, | : | Civ. No. 10-4930 (JLL) |
| v. | : | |
| ROB FUSARI, ET AL., | : | ORDER ON INFORMAL APPLICATION |
| Defendants. | : | |

This matter having come before the Court by way of defendants' motion to seal [ECF No. 160] portions of defendants' opposition to plaintiff's motion for sanctions [ECF No. 137];

and docket entry 137 having been temporarily sealed;[1]

and the Court having reviewed the submissions, the record, and the applicable law;

and the Court finding that, although defendants submitted a redacted version of their brief [ECF No. 160-2] in support of their original motion to seal, which was filed originally in an unredacted format at ECF No. 144, defendants have not moved separately to seal this document;[2]

and the Court also finding that defendants' method of redacting does not shield adequately from public view the sensitive information contained in defendants' redacted versions

---

[1] The Court notes that defendants' prior motion to seal, ECF No. 144, has also been placed under temporary seal pending the Court's review of defendants' instant motion. *See* Order, July 27, 2012, ECF No. 158.

[2] The Court's July 27, 2012 Order stated that "the defendants' materials for the denied motion to seal [ECF No. 144] shall [] be under temporary seal pending the Court's review of the defendants' motion to seal the brief in the motion to seal." Order at 3, July 27, 2012, ECF No. 158. Docket entry 144 remains under seal because it quotes information that defendants deem confidential. *See id.* at 2 n.4. However, defendants' notice of motion states that defendants seek an order sealing only portions of docket entry 137, and does not mention ECF No. 144. *See* Notice of Motion, ECF No. 160; *see also* Order, ECF No. 160-4.

of defendants' submissions;[3]

and the Court incorporating all reasoning and directives regarding sealing that are embodied in its June 14, 2012 Order, ECF No. 139, and its July 27, 2012 Order, ECF No. 158;

IT IS on this 16th day of October 2012,

ORDERED that defendants' motion to seal portions of defendants' opposition to plaintiff's motion for sanctions [ECF No. 160] is terminated without prejudice; and it is further

ORDERED that the materials presently under seal [ECF Nos. 144] shall remain under seal; and it is further

ORDERED that defendants shall re-file their motion to seal on or before **November 1, 2012** and such motion shall be in compliance with the protocol set forth in the Court's June 14, 2012 and July 27, 2012 Orders (ECF Nos. 139 and 158), including the Court's directive to submit a proposed redacted version of the documents defendants seek to place under seal; and it is further

ORDERED that defendants shall use extra care to ensure that the redacted documents do not inadvertently reveal sensitive information; and it is further

ORDERED that nothing herein constitutes a ruling as to whether or not the material identified warrants sealing.

s/<i>Michael A. Hammer</i><br>
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, defendants submit a "redacted" version of their brief filed in support of their motion to seal. ECF No. 160-2. However, defendants' redactions appear to have been made with a black marker and leave portions of the underlying text legible. *See* 160-2 at 2, 3, 4, and 5. Defendants' proposed redacted version of their brief filed in opposition to plaintiff's motion for sanctions suffers from the same problem – some of the "redacted" text is easily readable, despite defendants' efforts to black the area out. *See* ECF No. 160-3 at 16, 17.