**LAW OFFICES OF JAMES C. DEZAO, P.A.**
322 Route 46 West
Suite 120
Parsippany, New Jersey 07054
(973) 808-8900
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY STARLAND, <br><br> Plaintiff(s) <br><br> vs. <br><br> ROB FUSARI AND ROB FUSARI PRODUCTIONS, LLC, <br><br> Defendant(s) | CIVIL ACTION <br> CASE NO.: 2:10-CV-04930-JLL-CCC |

## DEFENDANTS' MOTION TO SEAL MATERIALS PURSUANT TO LOCAL RULE 7.1

The Defendants, Rob Fusari ("Fusari") and Rob Fusari Productions, LLC ("Rob Fusari Productions, LLC")("the Defendants"), submit this Memorandum in Support of their Motion to Seal the pages of their Opposition to the Plaintiff's Motion for Sanction that refer to a confidential Settlement Agreement between the Defendants and third parties. For the reasons set forth herein, the Defendants' Motion should be granted and Pages 16-18; 19; 20 and 22 of ECF 137 should be sealed, as described more fully below. Additionally, ECF 144 should be sealed at pages 2, 3, 4, and 5.

**Argument**

Standard of Review

Local Rule 5.3 governs requests "to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." *Id.* at (a)(1). "Materials" includes "documents of any nature and in any medium." *Id.* at (a)(2).

Motions to Seal references to, or portions of, settlement agreements have been granted. *See, e.g., Schumacher v. Souderton Area Sch. Dist.*, 105 Fed.Appx. 401, 402-03 (3d Cir. 2004)(granting motion to seal references to terms of settlement agreement); *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, 2009 WL 3230867 (D.N.J.)(granting motion to seal brief in support of motion for miscellaneous relief and settlement documents attached as exhibits); *Seals v. Herzing, Inc. – New Orleans*, 2012 WL 85280 (E.D. La.)(court granting defendant's motion to seal those exhibits that announced the settlement agreement's terms).

## Application

Pursuant to Local Rule 5.3(c)(2), this Motion to Seal is based upon the following facts (which have been redacted as needed):

(a) Nature of the Materials or Proceedings At Issue

The Defendants seek to seal portions of their Opposition to the Plaintiff's Motion for Sanctions, which reference certain highly privileged and confidential materials. Specifically, at Pages 16-18; 19; 20 and 22 of ECF 137, and at pages 2, 3, 4, and 5 of ECF 144 (brief in support of motion to seal), ███████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████

██████████████████████████████████████
██████████████████████████████████████
████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████
████████████████████

(b)     The Legitimate Private Interests That Warrant the Relief Sought

As set forth above, the parties to the ███████ have a legitimate private interest in maintaining confidentiality surrounding their ███████ and the provisions thereof. Specifically, the ███████ between the parties is highly confidential and in and of itself should not be revealed. Any revelation thereof harms both the non-party referenced and the Defendants. The third parties and the Defendants ███████ a matter that is highly notorious, with the intention that the ███████ not be revealed in any manner.

Furthermore, the public has an interest in being able to enter into ███████ ███████ which, pursuant to their terms, are confidential, and ensure that their confidentiality will be maintained in a subsequent legal proceeding. Indeed, in New Jersey, protecting the confidentiality of settlement agreements alone may be a valid public interest. *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 11702, 4 (D.N.J.). In this case, the ███████████████████████████ concern a matter settled by two private parties in a ███████████████████. Refusing to seal these references would undermine the validity of the settlement process and confidentiality attendant therewith.

(c) The Clearly Defined and Serious Injury That Would Result if the Relief Sought is Not Granted.

The ▮▮▮▮▮ itself betrays why serious injury shall result if the relief sought is not granted:



████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████ Indeed, if this Motion is denied, the Court would make certain terms of the ████████████████ are made public, thereby undermining ████████████
████████████████

    (d)    Why a Letter Restrictive Alternative to the Relief Sought Is Not Available.

Given the sensitivity of the matters contained in the ████████████████ and the sensationality of the topic, there are no less restrictive alternatives to the relief sought herein. Sealing details of a ████████████████ that requires the parties to maintain the confidentiality of its terms is appropriate. *See, e.g., Collis v. Bank of America, N.A.,* 2010 WL 2892559, 1 n. 1 (D. Md.)("Because the Settlement Agreement requires that the parties maintain the confidentiality of the terms, these Motions [to seal] are granted").

Here, the Defendants seek only to redact portions of the subject document that potentially ████████████████████████████████, not the document in its entirety. Such limited redaction has been previously permitted by this Court. *See, e.g., Hicks v. Wegmans Food Mkt.,* 2011 U.S. Dist. LEXIS 13047, 1-2 n. 2 (D.N.J.).

    (e)    The Provisions Sought to Be Redacted

ECF 137:

Page 16, fourth full paragraph, and last partial paragraph reference ████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

Pages 17-18 quote the ▇▇▇▇▇▇ from a confidential deposition and refers in detail to ▇▇▇▇▇▇

Page 19, first full paragraph references ▇▇▇▇▇▇

Page 20, first full paragraph references ▇▇▇▇▇▇.

Page 22, third and forth full paragraphs refer to ▇▇▇▇▇▇

Page 23, third full and last partial paragraphs refer to ▇▇▇▇▇▇

ECF 144:

Page 2, third full paragraph and last partial paragraph ▇▇▇▇▇▇;

Page 3, first and second full paragraphs ▇▇▇▇▇▇;

Page 4, all but spillover paragraph at top of page, ▇▇▇▇▇▇;

Page 5 ▇▇▇▇▇▇.

The Plaintiff does not object to this Motion or the relief sought herein. In fact, the Plaintiff has previously moved the Court to seal portions of documents she has filed which reference the subject agreement. The Plaintiff's Motion was denied, at which point her counsel informed that he would not object if the Defendants sought similar relief with respect to sealing the subject ▇▇▇▇▇▇

Because the above pages of the Opposition cite to the ████████████████ ████████████████████████████████████, the Defendants' Motion to Seal should be granted.

### Conclusion

For the reasons set forth above, the Defendants' Motion to Seal should be granted.

                              Law Offices of James C. DeZao, P.A.

Dated:                    By: _____
                                  JAMES C. DEZAO, ESQ.