**Proskauer**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 2, 2013

Sandra A. Crawshaw-Sparks
Member of the Firm
d 212.969.3915
f 212.969.2900
scrawshaw@proskauer.com
www.proskauer.com

**By ECF and Mail**

Hon. Magistrate Judge Michael A. Hammer
Martin Luther King, Jr. Federal Building & U.S. Courthouse
U.S. District Court of New Jersey
50 Walnut Street, Courtroom 2C
Newark, NJ 07101

Re: *Starland v. Fusari*, 2:10-cv-04930-JLL-MAH

Dear Judge Hammer:

This firm represents non-party Stefani Joanne Germanotta (p/k/a Lady Gaga) ("Germanotta") in the above-referenced matter. I write in response to the Court's invitation to further address the issue of filing under seal certain information that is sensitive, private and personal to Germanotta and/or allegedly subject to the Non-Disparagement Clause of the confidential Settlement Agreement between Defendants Rob Fusari and Rob Fusari Productions, LLC (collectively "Fusari") and Germanotta (collectively, the "Movants").

## I.  The *Pansy* Factors

As the Third Circuit has explained, the courts' role in considering motions to seal is to "prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). This role is even more vital when the privacy interests at stake are of a non-party. *See United States v. Kushner*, 349 F. Supp. 2d 892, 908 (D.N.J. 2005) ("The Third Circuit recognizes a compelling third-party interest in reputation and privacy that … can satisfy even the considerably more exacting standard of the First Amendment right to access.") (citing *United States v. Smith*, 776 F.2d 1104, 1114 (3d Cir. 1985) (holding that protection of reputations and careers is a higher value sufficient to overcome First Amendment presumption of access)).

When considering whether protection of confidential and private information is warranted, courts in the Third Circuit balance the non-exclusive factors delineated in *Pansy*:

1. Whether disclosure will violate any privacy interests;
2. Whether the information is being sought for an improper purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether the information is important to public health and safety;
5. Whether the sharing of information will promote fairness and efficiency;
6. Whether a party benefitting from the order of confidentiality is a public entity or official; and
7. Whether the case involves issues important to the public.

**Proskauer»**

Hon. Magistrate Judge Michael A. Hammer
July 2, 2013
Page 2

23 F.3d 772, 787-91 (3d Cir. 1994); *see also EEOC v. Kronos Inc.*, 694 F.3d 351, 365-66 (3d Cir. 2012). Here, none of the *Pansy* factors support disclosure, while six factors weigh strongly in favor of protection.

### A. Factor One: Privacy Interest

The disclosure of information identified in the Joint Motion as allegedly subject to the Non-Disparagement Clause would violate Germanotta's privacy interests in two ways: the information implicates Germanotta's sensitive, private and personal information, and it allegedly implicates Germanotta's contractual duty to keep the information confidential.

#### 1. Information Implicating Germanotta's Sensitive Personal Information

The very limited information that Germanotta seeks to seal is of a sensitive, private and personal nature disclosure of which could inflict significant personal and professional harm upon Germanotta. This Court has consistently recognized the legitimate privacy and confidentiality interests in sensitive personal information of non-parties and has sealed documents when disclosure would cause unnecessary harm to an individual's personal and professional reputation. *See Hicks v. Wegmans Food Mkt.*, 2011 U.S. Dist. LEXIS 13047, at *1-2 n.2 (D.N.J. 2011); *Mt. Holly Citizens in Action v. Twp. of Mt. Holly*, 2009 U.S. Dist. LEXIS 11061, at *18 (D.N.J. 2009); *Emmanouil v. Roggio*, 2007 U.S. Dist. LEXIS 28831, at *9 (D.N.J. 2007).

Germanotta has a strong privacy interest in the confidentiality of her sensitive, private, and personal information, which is implicated in the proposed redactions to the following documents:[1]

- Plaintiff's Response to Defendants' Statement of Disputed Material Facts in Further Support of Plaintiff's Motion for Partial Summary Judgment on the Issue of a Constructive Trust (Dkt. 202-1) (the "Starland Material Facts Response").

- Exhibits D and G annexed to the declaration of William Dunnegan in opposition to the Defendants' Motion for Summary Judgment (Dkt. 190-2, 190-3) (the "Dunnegan SJ Opp. Dec.").

- Brief of Plaintiff in Opposition to Defendants' Motion for Summary Judgment (Dkt. 190) (the "Starland SJ Opp.").

- Plaintiff's Supplemental Statement of Disputed Material Facts in Opposition to Defendants' Motion for Summary Judgment (Dkt. 191) (the "Starland Supp. Statement of Material Facts").

---

[1] For consistency, the documents at issue are referenced with the same abbreviations used in the Joint Motion to Seal, Dkt. 227.

**Proskauer»**

Hon. Magistrate Judge Michael A. Hammer
July 2, 2013
Page 3

- Exhibit D to the Declaration of William Dunnegan in Opposition to Defendants' Motion to Implead Non-Party Stefani Germanotta (Dkt. 122-2) (the "Dunnegan Impleader Dec.").

While we cannot, in this public filing, be more precise about the sensitive, private and personal nature of the information without eviscerating the very purpose of the Joint Motion to Seal, we would welcome the opportunity to do so *in camera* if Your Honor would find that helpful.

2. Information Implicating the Non-Disparagement Clause

In addition to implicating Germanotta's sensitive, private and personal information, certain of the proposed redactions to the above-cited documents implicate Germanotta's and/or Fusari's legitimate interest in maintaining the privacy of information that is actually or allegedly subject to the Non-Disparagement Clause.[2] For example, dissemination of the information in the context of a deposition marked "Confidential" and subject to the Discovery Confidentiality Order, Dkt. 24, was alleged by Fusari to violate the Non-Disparagement Clause. Mr. Fusari also alleged that any further dissemination of the information will exacerbate the damages sustained as a result of the original alleged violation.

Germanotta's and Fusari's privacy interests in this information derive from their actual (or alleged) contractual obligation to maintain its confidentiality. Indeed, this and other courts, in considering motions to seal, have recognized a privacy interest in protecting information a party has a contractual obligation to keep confidential. *See, e.g.*, *Mars, Inc. v. JCM Am. Corp.*, 2007 U.S. Dist. LEXIS 9819, at *6-7 (D.N.J. 2007) (finding a legitimate privacy interest under Local Rule 5.3 where "Mars is contractually obligated to maintain secret trade information"); *In re Abbott Labs.*, 2012 U.S. Dist. LEXIS 103982, at *2-3 n.2 (N.D. Cal. 2012) (finding good cause to seal documents where disclosure could potentially lead to litigation and liability over the issue, and because Abbott was "also under a separate contractual obligation to keep confidential the existence of a certain business relationship addressed in its papers, which is an independent basis to seal portions of Abbott's filings"); *Lockheed Martin Corp. v. Boeing Co.*, 2005 U.S. Dist. LEXIS 44820, at *8 (M.D. Fl. 2005) (finding good cause to support an amended

---

[2] Proposed redactions in the following documents implicate Germanotta's and/or Fusari's privacy interests based in the Non-Disparagement Clause:

- Exhibit I annexed to the Declaration of William Dunnegan in Support of Plaintiff's Motion for an Order Sanctioning Defendants Under Rule 37 for Intentionally Violating Two Orders of This Court (Dkt. 129-4) (the "Dunnegan Sanctions Dec.");
- The Starland Material Facts Response;
- Exhibits D and G annexed to the Dunnegan SJ Opp. Dec.;
- The Starland SJ Opp;
- The Starland Supp. Statement of Material Facts;
- Exhibit D to the Dunnegan Impleader Dec.

**Proskauer»**

Hon. Magistrate Judge Michael A. Hammer
July 2, 2013
Page 4

confidentiality order where "the parties submit that they have contractual obligations requiring that certain information that may be sought in discovery be kept confidential").

Thus, because Germanotta (and, to the extent noted, Fusari) have legitimate privacy interests in this information, this factor strongly favors protection under *Pansy*.

### B. Factor Two: Improper Purpose

There is no indication that the information is being sought for an improper purpose, so this factor is neutral.

### C. Factor Three: Embarrassment

The disclosure of this sensitive, private and personal information would do great harm to Germanotta's personal and professional reputation, so this factor supports protection. *See Emmanouil v. Roggio*, 2007 U.S. Dist. LEXIS 28831, at *8-9 (D.N.J. 2007) (sealing documents that would cause unnecessary harm and embarrassment to personal and professional reputation); *see also Damiano v. Sony Music Entm't*, 168 F.R.D. 485, 492-93 (D.N.J. 1996) (where it was "demonstrated that Bob Dylan's privacy and reputation are in danger if any raw discovery materials in this case are allowed to be disclosed to the public," the court found "there is no legitimate purpose in opening to public scrutiny the discovery materials as such disclosure may unfairly invade the privacy of Mr. Dylan"). Again, to the extent that the harm is not obvious from the nature of the information itself, we would welcome the opportunity to elaborate in an environment that will not frustrate the purposes of the Joint Motion to Seal.

### D. Factor Four: Public Health and Safety

The information sought to be protected is purely private in nature and has no relevance to public health or safety. So, this factor supports protection.

### E. Factor Five: Fairness and Efficiency

The public disclosure of this information will have no beneficial effect on fairness or efficiency at this juncture, so this factor supports protection. Indeed, where there is no demonstrable public interest in the information, it would hardly be fair to require public disclosure of information that could subject Germanotta to personal and professional reputational harm, as well as potential damages for an alleged violation of the Non-Disclosure Clause. *Cf. Leap Systems v. Moneytrax*, 2010 U.S. Dist. LEXIS 66399, at *28-29 (finding disclosure of a confidential settlement agreement would not promote fairness and efficiency but instead would unfairly remove a material term of a contract).[3]

---

[3] As Your Honor noted at the Conference on June 25, 2013, the manner in which documents under seal may be used at trial is a question for another day and is not relevant to the current Joint Motion to Seal.

**Proskauer»**

Hon. Magistrate Judge Michael A. Hammer
July 2, 2013
Page 5

### F. Factor Six: Public Entity or Official

Germanotta is not a public official, so this factor supports protection. *See Damiano*, 168 F.R.D. at 491 (finding Bob Dylan a private citizen for purposes of the *Pansy* analysis).

### G. Factor Seven: Issues Important to the Public

This case involves a private dispute between private litigants (Fusari and plaintiff Wendy Starland), so the issues involved are of little if any significance to the public. Thus, this factor favors protection. *Pansy*, 23 F.3d at 788 ("If a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

Here, no factors weigh in favor of disclosure while six factors strongly support protection of this information to prevent unnecessary harm to Germanotta's privacy interests. Thus, the proposed redactions to these documents meet the requirements of Local Rule 5.3 to be filed under seal.

## II. Privacy of the Confidential Settlement Agreement

Additionally, Movants submitted in their Joint Motion to Seal that Exhibit G to the Dunnegan SJ Opp. Dec. and the Starland Supp. Statement of Material Facts should be protected for the independent reason that the redacted information quotes, refers to, and/or discusses the terms of the confidential Settlement Agreement, a privacy interest recognized by this Court as legitimate and important for purposes of Local Rule 5.3. *See Walsh Sec., Inc. v. Cristo Prop. Mgmt.*, 2010 U.S. Dist. LEXIS 66399, at *7-8 (D.N.J. 2010); *Leap Sys. v. Moneytrax, Inc.*, 2010 U.S. Dist. LEXIS 53167, at *28-29 (D.N.J. 2010).

For these reasons, and the reasons set forth in the Movants' Joint Motion to Seal, Dkt. 227, Germanotta respectfully requests the Court accept the Movants' proposed redactions pursuant to Local Rule 5.3, which are narrowly tailored to protect Germanotta's legitimate privacy interests.

Respectfully submitted,

*/s/ Sandra A. Crawshaw-Sparks*

Sandra A. Crawshaw-Sparks

cc: All Counsel of Record (via ECF)