NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY STARLAND,<br><br>Plaintiff,<br><br>v.<br><br>ROB FUSARI et al,<br><br>Defendants. | Civil Action No. 10-4930 (JLL) (JAD)<br><br>**OPINION AND ORDER** |

**LINARES, District Judge.**

This matter comes before the Court upon Defendants' motions for: 1) judgment as a matter of law; (ECF No. 563); and 2) a stay of post-judgment execution and post-judgment discovery. (ECF No. 564). The Court has considered the submissions made in support of and in opposition to the instant motion. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Based on the reasons set forth below, Defendants' Motion for judgment as a matter of law, (ECF No. 563), is **DENIED** and Defendants' Motion for a Stay, (ECF No. 364), is **GRANTED in part** on the condition that Defendants post a bond in the amount of the final amended judgment.

I.  **BACKGROUND**

Plaintiff, Wendy Starland (hereinafter "Plaintiff"), commenced this action in 2010 against Rob Fusari (hereinafter "Fusari") and Rob Fusari Productions, LLC (collectively "Defendants"),

for breach of contract and breach of fiduciary duty.[1] Both breaches stem from Plaintiff and Defendants' agreement that Plaintiff would find, and both Parties would develop, a specific musical artist (the "Strokes Girl"). These efforts later lead to the discovery and development of the artist currently known as "Lady Gaga," yet Plaintiff was never compensated for her contribution to the "artist project." The facts of this case have previously been articulated by the Court and synthesized in this Court's recent Opinion and Order granting in part Plaintiff's motion for entry of judgment, denying the motion for a constructive trust, and denying Defendants' motion for remittitur. (*See* ECF No. 553). Thus, suffice it to say that after a jury trial held in November of 2014, the jury returned a verdict in favor of Plaintiff on both causes of action and for the full amount which Plaintiff sought in damages.

Currently before the Court are two motions by Defendants, Rob Fusari and Rob Fusari Productions, LLC. First, Defendants move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.[2] In sum, Defendants claim there was no legally sufficient evidentiary basis for the jury to find: 1) a meeting of the minds (and therefore a breach of contract); 2) certain items of damages; and 3) a joint venture and causation related to Plaintiff's breach of fiduciary duty claim. Second, Defendants move for a stay of execution of the judgment and post-judgment discovery pursuant to Federal Rule of Civil Procedure 62 (b). Plaintiff has opposed both motions.

The Court should note that while the aforementioned motions were pending, Defendants sought an interim stay which this Court granted by way of Order (hereinafter the "Stay Order"). (*See* ECF No. 574). Subsequently, by way of letter dated March 9, 2015, Defendants wrote the

---

[1] Additional causes of action omitted.
[2] Defendants improperly move under Federal Rule of Civil Procedure 50 (a), as the motion is post-verdict and is a renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 (b).

2

Court to seek relief from Plaintiff's alleged violation of the ordered interim stay. Defendants stated that upon entry of the Stay Order, Fusari requested that Plaintiff notify the recipients of any post-judgment collection efforts that the Stay Order grants an interim stay of execution and discovery and while Plaintiff notified the recipients of document subpoenas and the United States Marshal's Office, she refused to agree that the Stay Order is effective on the Restraining Notice. For example, according to Defendants, the American Society of Composers, Authors and Publishers, which licenses and distributes royalties for Fusari, is now holding payment to Fusari because it received the Restraining Notice. Plaintiff responded to Defendants' March 9th Letter only joining in Defendants' request for a conference before the Court. Because the Court grants Defendants' motion for a stay, it denies the Parties' request for a conference.

## II.   LEGAL STANDARDS

### A. Judgment as a Matter of Law

To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusions implied [by] the jury's verdict cannot in law be supported by those findings." *Perkin–Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed.Cir.1984)); *accord Price v. Delaware Department of Correction,* 40 F.Supp.2d 544, 549 (D.Del.1999). In assessing the sufficiency of the evidence, the court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor, and in general, view the record in the light most favorable to him." *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir.), *reh'g en banc denied,* 1991 U.S.App. LEXIS 16758 (3d Cir.1991). The court may not evaluate the credibility of the witnesses, may not weigh the evidence, and may not

substitute its view of the evidence for the jury's view. *See Price,* 40 F.Supp.2d at 550. Rather, the court must determine whether the evidence reasonably supports the jury's verdict. *See Dawn Equip. Co. v. Kentucky Farms, Inc.,* 140 F.3d 1009, 1014 (Fed.Cir.1998); *Gomez v. Allegheny Health Servs. Inc.,* 71 F.3d 1079, 1083 (3d Cir.1995) (describing standard as "whether there is evidence upon which a reasonable jury could properly have found its verdict"); 9A Wright & Miller, *Federal Practice & Procedure* § 2524 at 249–66 (3d ed.1995) ("The question is not whether there is literally no evidence supporting the party against whom the motion is directed, but whether there is evidence upon which the jury properly could find a verdict for that party.").

### B. Motion to Stay

The proper vehicle for a stay of execution of the judgment, under which Defendants move, is Rule 62(b) of the Federal Rules of Civil Procedure. Rule 62(b) provides in relevant part:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it-- pending disposition of any of the following motions ... (3) under Rule 59, for a new trial or to alter or amend a judgment.

Fed.R.Civ.P. 62(b). Defendants filed a post-trial motion pursuant to Federal Rules of Civil Procedure 50 while representing to the Court that the filing of a Rule 59 motion is forthcoming. Indeed, Defendants filed a motion for a new trial on March 9, 2015. With this in mind, Defendants seek a Rule 62(b) stay of execution and discovery pending resolution of the pending motions.

### III. DISCUSSION

#### A. Judgment as a Matter of Law: Breach of Contract

Defendants argue that because Plaintiff failed to demonstrate a "meeting of the minds" at trial—a prerequisite for contract formation—Defendants are entitled to judgment as a matter of

4

law on Plaintiff's breach of contract claim. To find that a meeting of the minds occurred, the court must find that the parties to the contract "mutually agree and assent to the substance and terms" of the relevant contract. *Marcangelo v. Boardwalk Regency Corp.*, 847 F. Supp. 122, 1229-30 (D.N.J. 1994) *aff'd*, 47 F.3d 88 (3d Cir. 1995). Defendants claim that according to this standard, there was no meeting of the minds in this case because the agreement was "deficient in the specification of its essential terms that the performance by each party cannot be ascertained with reasonable certainty." (*quoting Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1020, 1025 (D.N.J. 1995). Defendants argue the following terms were absent or vague: 1) time for performance; 2) duration of the agreement; 3) treatment of expenses incurred; and 4) revenue derived from songs written without the Plaintiff.

However, the law generally and in New Jersey does not favor voiding a contract for vagueness. *See* E. Allen Farnsworth, *Contracts* § 3.27 at 208–09 (2d ed. 1990). A contract may also be sufficiently certain even though one party has discretion to choose between material terms. *Kleckner v. Mutual Life Ins. Co.*, 822 F.2d 1316, 1319 (3d Cir.1987). In line with these propositions, Plaintiff responds by claiming each of Defendants aforementioned "absent" terms, were immaterial either based on the facts of this case or in light of Plaintiff's testimony at trial, where the jury reasonably inferred a meeting of the minds. Indeed, at trial Plaintiff stated Defendant, Rob Fusari's offer relevant to their contract was the following:

> "You know, Wendy, I am looking for a girl under the age of 25 who could be the female equivalent to the lead singer of The Strokes, somebody who is edgy and bold and confident and charismatic, and somebody most importantly that you can't take your eyes off of. And if you find this person and deliver her to me, then I would approve her. If I approve her, I will sign her to my production company.
>
> When I sign her to my production company, we will develop her together. We will write songs for her, produce the album, and then shop it around to all of the, you know, use my team to shop it around to all

5

> of the record labels and publishing companies to see if we can get her a deal. And if we can get her a deal, any revenues that results from that artist project will be split 50/50 between us.
>
> And in the meantime, we will write songs for her, you know, and we will have a lot of songs ready for her for when you hopefully find her."

(Tr. 11/6/2014 27:20-29:4).[3] Thus, with this testimony in mind, which the jury clearly found credible, the jury reasonably inferred this specific offer was made to Plaintiff, and when she performed by bringing Stefani Germanotta to Defendant, she was entitled to a 50/50 split of "any revenues that result[ed] from that artist project." (citation omitted).

The "time for performance" term that Defendants claim is indefinite, is in fact a moot issue because when Fusari deemed Stefani Germanotta was the "Strokes girl" he was looking for under his contract with Plaintiff and began working with her, it was clear that Plaintiff performed within an acceptable time period. The "duration" term Defendants refer to as vague, is contrary to Plaintiffs recount that she was to receive 50% of *any* revenues from the contract. Despite Defendants' reading of case law in this District, the variable (here, any revenues) to which the percentage rate (50%) is applied in a contract, "need not be determined at the time of contracting for the contract to be enforceable." *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1020, 1026 (D.N.J. 1995).[4]

Defendants' next argument that the contract was silent regarding "expenses" fails because

---

[3] The Court also finds, (*See* Section III., B., of this Opinion), that a *joint venture* agreement on the terms listed here would be sufficiently definite to be enforced.

[4] To the extent Defendants rely on *Baer v. Chase* 392 F.3d 609 (3d Cir. 2004) regarding this element of duration, the Court finds the case distinguishable. While Baer certainly held the contract in that case was unenforceable in light of the definiteness requirement, the facts in Baer are distinct from this case. In Baer, "[n]othing in the record indicate[d] that the parties agreed on how, how much, where, or for what period Chase would compensate Baer." *Id.* at 621. Here, Plaintiff detailed these terms of the 50/50 agreement. (*See e.g.* (Tr. 11/6/2014 27:20-29:4)).

6

Defendants produced no evidence at trial as to what specific expenses were incurred, nor any evidence that expenses were an essential term to the contract. Lastly, the fact that the contract was not specific as to which albums or songs Plaintiff was entitled to revenues on is unmoving to the Court in light of the jury's damages award. That is, the jury found that *all* albums and songs were deemed to be included in the "artist project" under the contract. Indeed, the terms Defendants claim are absent from the contract or vague, when viewed in light of Plaintiff's testimony at trial, do not void the jury's finding of a meeting of the minds and therefore a valid contract and subsequent breach.

Defendants also argue that even if a breach of contract could be found, the resulting damages calculation was not proven at trial. Much of this argument was already dismissed by the Court in the most recent Opinion and Order where Defendants opposed the entry of final judgment in this case. (*See* ECF No. 553). In fact, Defendants' recent filing of a motion for a new trial, (ECF No. 577), rehashes the argument again. As the motion for a new trial has not been opposed to date, the Court reserves on any further or new findings related to damages for the subsequent Opinion related to the motion for a new trial, once it has, of course, the benefit of Plaintiff's opposition.

### B. Judgment as a Matter of Law: Breach of Fiduciary Duty

Defendants argue that Plaintiff's second cause of action, namely, her breach of fiduciary claim, was not founded in the evidence at trial because Plaintiff failed to prove the "joint venture" requirement of this claim and subsequent causation. The Court does not agree.

A joint venture is predicated on the same legal event as an employment, partnership, contract or other relationship: an agreement between the parties. *Wittner v. Metzger*, 72 N.J.Super. 438, 443, 178 A.2d 671 (App. Div.). However, the joint venture relationship may be less formal.

7

*Hellenic Lines, Ltd. v. Commodities Bagging & Shipping, Process Supply Co.*, 611 F.Supp. 665, 679 (D.N.J.1985). It may be implied wholly or in part from the acts and conduct of the parties. *Id.* Where there is an explicit agreement, it "need contain no particular form of expression, nor is formality of execution necessary." *Wittner*, 72 N.J.Super. at 444, 178 A.2d 671. A joint venture agreement will contain some or all of the following elements:

> (A) A contribution by the parties of money, property, effort, knowledge, skill or other asset to a common undertaking;
> (B) A joint property interest in the subject matter of the venture;
> (C) A right of mutual control or management of the enterprise;
> (D) Expectation of profit, or the presence of 'adventure,' as it is sometimes called;
> (E) A right to participate in the profits;
> (F) Most usually, limitation of the objective to a single undertaking or Ad hoc enterprise.
> *Id.* (quoting Williston, *supra* § 318A, at pp. 563–65). The agreement, whether implied, explicit, or a combination of the two, will be interpreted and its validity tested under the normal rules of contract construction.

*Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1020, 1026-27 (D.N.J. 1995). Whether or not the parties to a particular contract have, as between themselves, created the relationship of a joint venture depends upon their intention. *First Mechanics Bank of Trenton, N.J., v. Comm'r of Internal Revenue*, 91 F.2d 275, 278 (3d Cir. 1937).

At trial, Plaintiff explained the following, evidencing a "joint venture" under the standard delineated above: 1) Plaintiff contributed her knowledge, effort, skills to find the "Strokes girl," which included paying for admission to clubs etc.; 2) Plaintiff contributed to the development and commercialization of the "Strokes girl," (as did Defendant, Rob Fusari by his own admissions); (Tr. 45:24-48:18; 108:11-113:10, 11/6/14); and 3) Plaintiff and Fusari each expected to profit from

the venture and to participate in the profits 50/50. (Tr. 27:20-29:4, 108:11-115:5, 11/6/14).[5] Further, contrary to Defendants assertion that Plaintiff was merely an "independent contractor," (*See* ECF No. 563-1 at 17), Plaintiff's testimony that Fusari told her "when I sign her to my production company, we will develop her together," evidences an intent to enter into a joint venture. From this evidence, the jury could reasonably infer an intended joint venture.

As to causation, Plaintiff's theory of breach of fiduciary duty was premised on Defendant, Rob Fusari mistreating Stefani Germanotta ("Lady Gaga") and therefore deteriorating their working relationship which caused harm to Plaintiff as a participant in the joint venture. To support this, Plaintiff offered evidence that: 1) Fusari and Germanotta were in a personal romantic relationship; 2) Fusari treated Germanotta improperly, at least, by breaking off their personal relationship; and 3) Fusari and Germanotta's working relationship terminated. (Tr. 5.89:11-24, 5.132:11-12, 5:134:15-18). From here, as Plaintiff has the benefit of all logical inferences, the jury could reasonably infer that Fusari's fiduciary duty included not engaging in activities that would cause Germanotta to refuse to work him and this duty was breached, therefore damaging the joint venture and Plaintiff. Accordingly, Defendants' motion for judgment as a matter of law related to breach of fiduciary duty must be denied.

### C. Motion for a Stay of Execution and Discovery

Defendants seek a stay of thirty (30) days following this Court's decision regarding the pending motion for a new trial which has a return date of April 6, 2015. Defendants state that the

---

[5] The Court notes that though the contract did not provide for a sharing of losses, the absence of such an agreement is not decisive of the issue. *First Mechanics Bank of Trenton, N.J., v. Comm'r of Internal Revenue*, 91 F.2d 275, 278 (3d Cir. 1937).

9

thirty day period is appropriate to allow Defendants time to file a notice of appeal and seek approval of a supersedeas bond should his Rule 59 motion be denied. Defendants claim a stay is necessary because Plaintiff has engaged in "premature and aggressive collection efforts" which are harming Defendants. (Defs.' Reply, ECF No. 579 at 4). Defendants seek this stay while offering the limited security of a consent order restraining the sale or other disposition of Fusari's personal residence in Manhattan. While Plaintiff opposes the entry of a stay in its entirety, Plaintiff also instructs that should the Court grant a stay, adequate security of the *entire* judgment should be posted by the Defendants pending the disposition of their Rule 59 motion.

The Court agrees with Plaintiff's alternative. The stay pending the disposition of a new trial motion will not be lengthy or burdensome to Plaintiff and Defendants should be required to post security sufficient to satisfy the judgment, thereby safeguarding Plaintiff's interest in securing the payment as the judgment should Plaintiff prevail. Indeed, Defendants have failed to demonstrate, and in fact do not even argue, that they are unable (neither by impossibility nor impracticability) to obtain a bond or otherwise provide adequate security for the entire judgment pending the ultimate resolution of this matter. Therefore, under the specific circumstances of this case, and in fairness to the Plaintiff, Defendants' motion for a stay, inclusive of post-judgment discovery, is granted specifically premised upon posting a bond in the amount of $7,340,696.50 (the full amount of the amended judgment) within seven (7) business days (3/27/14). If Defendant fails to post the bond within the aforesaid seven (7) days, the stay will be vacated upon a certification being filed with the Court setting forth Defendants' failure to do so.

## IV.  CONCLUSION

For the reasons stated above, it is therefore on this 17th day of March, 2015, **ORDERED** that Defendants' motion for judgment as a matter of law, (ECF No. 563), is **denied**.

**IT IS FURTHER ORDERED** that Defendants' motion to stay execution and discovery until thirty (30) days after resolution of post-trial motions, (ECF No. 564), is **granted in part**. Defendants are hereby **ORDERED** to post a bond in the amount of the total judgment, $7,340,696.50 within seven (7) business days of the date of this Order. If Defendants fail to post a bond, the thirty-day stay will be vacated on March 27, 2015 upon the filing of a certification by Plaintiff setting forth Defendants' failure to post said bond. Additionally, the Parties request for a conference before the Court, (*See* ECF Nos. 581, 582), is hereby **denied**.

s/ Jose L. Linares
Jose L. Linares
United States District Judge
