**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY STARLAND, | Civil Action No.: 10-4930 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| ROB FUSARI and ROB FUSARI PRODUCTIONS, LLC, | |
| Defendant | |

**LINARES**, District Judge.

This matter comes before the Court upon Plaintiff Wendy Starland's motion for reconsideration of this Court's order that granted Defendant Rob Fusari's motion for a new trial. (ECF No. 637). Defendant has opposed this motion (ECF No. 654) and Plaintiff has replied to that opposition (ECF No. 660). Pursuant to Federal Rule of Civil Procedure 78 the Court decides this motion on the papers and without hearing oral argument. After considering the arguments offered in support of and in opposition to the pending motion, and for the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

The facts of this matter were described in this Court's September 3, 2015 Opinion. (ECF No. 632, "Op." at 1-7). As such, and in the interests of judicial economy, the Court includes an abbreviated statement of the factual and procedural history to the extent such background is relevant to the instant motion.

Plaintiff, Wendy Starland (hereinafter "Plaintiff" or "Starland"), commenced this action in 2010 against Rob Fusari (hereinafter "Defendant" or "Fusari") and Rob Fusari Productions, LLC,

alleging, *inter alia*, breach of contract and breach of fiduciary duty.   A jury trial was held from November 6, 2014 through November 14, 2014.  The jury returned a verdict in favor of Plaintiff on both her breach of contract and breach of fiduciary duty claims and a final Amended Judgment was entered February 11, 2015. (ECF No. 556).[1]

After this Court denied Defendant's motion for judgment as a matter of law, Defendant filed a motion for a new trial on March 9, 2015 (ECF No. 576), which this Court granted on September 3, 2015.  (See Op.).  To summarize, the Court found, *inter alia*, that ███████████ ████████████████████████████████████████████████████████████████ ███████ was inappropriately admitted into evidence and that the likelihood that the jury would render a verdict on an improper basis after hearing this unduly prejudicial testimony justified the granting of a new trial.

On September 11, 2015, Plaintiff timely filed the pending motion for reconsideration of this Court's September 3, 2015 Opinion and Order granting Defendant a new trial. (ECF No. 637, "Pl.'s Mov. Br.").  The motion for reconsideration has been fully briefed and is currently pending before the Court. (ECF No. 654, "Def.'s Opp. Br."; ECF No. 660, "Pl.'s Reply Br.").

## LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681,

---

[1] The Amended Judgment dismissed the third and fourth claims of Plaintiff's Amended Complaint and all claims for relief against Rob Fusari Productions, LLC were dismissed with prejudice and without costs. (Id. at 2).

683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, Civ. No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan.2, 2008) (Linares, J.).

## DISCUSSION

3

Plaintiff argues that reconsideration is proper because the Court overlooked several facts and arguments in rendering its September 3, 2015 Opinion (the "Opinion"). In response, Defendant argues that the Court did not overlook anything when deciding to grant a new trial, but rather thoroughly considered all facts and arguments before it. The Court addresses each of Plaintiff's arguments in turn.

First, Plaintiff takes exception with the Court's statement in its Opinion that "with the backdrop of ████████████████████████████████████ ████████████████████████ Therein lies the undeniable unfair prejudice." (Pl.'s Mov. Br. at 6; Op. at 20). Plaintiff argues that this statement is inconsistent with the fact that neither the parties nor Lady Gaga's counsel ever stated that ████████████████████████████████ ████████ (Pl.'s Mov. Br. at 6-10). Further, Starland contends that had Fusari's counsel believed that the Eight Works would have had a prejudicial impact on the jury, counsel would have voiced a stronger objection to the admission of the Eight Words. (Id. at 8). Plaintiff also argues that the Court's Opinion is inconsistent with its prior rulings on the admissibility of the Eight Words *in limine*, which the Court confirmed in its October 30, 2014 ruling during trial. (Id. at 7).

Defendant responds that "the viability of the Court's decision in no way rests upon the proposition ████████████████████████████████████████ and that "it is more than sufficient that there was an undeniably significant risk that the jury would so conclude." (Def.'s Opp. Br. at 5).

The Court finds that Plaintiff has failed to bring to light any facts or arguments that this Court overlooked with regards to the above statement. This Court found "that the cumulative evidence ████████████████████████████ (Op. at 16) and clearly explained this finding (Op. at 9-19). Contrary to Plaintiff's suggestion, the Court did not need an express

statement from any of the parties indicating their belief that ███████████████████

███████████████████████████████████████ Moreover, the Court sufficiently

addressed its prior *in limine* ruling by noting that its ruling on the admissibility of the Eight Words

changed based upon the Plaintiff's wavering theory of breach. (See Op. at 14-15). Plaintiff's mere

disagreement with the Court's statement is not grounds for reconsideration.

Second, Plaintiff argues that "the Court overlooked that the Eight Words had substantial,

non-cumulative probative value" on two elements of Plaintiff's breach of fiduciary duty claim—

namely, "(1) the type of conduct that would constitute the breach of fiduciary duty and ████████

███████████████████████████ (Pl.'s Mov. Br. at 10). As to the breach element,

Plaintiff argues that the Eight Words provide highly probative evidence that Fusari breached his

fiduciary duty by exercising "undue influence" over Plaintiff. (Id. at 10-13). Plaintiff contends

further that the Court overlooked her argument in opposition to the new trial motion that the Eight

Words aided her ability to prove the damages element. (Id. at 14). According to Plaintiff, the

Eight Words supported the damages element because they provide evidence of the breach of

fiduciary duty, which in turn "would provide a reasonable explanation ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

that form the basis of Plaintiff's claim for damages. (Id.).

The Court did not overlook the probative value of the Eight Words with respect to the

breach of fidicuary duty or damages element of Plaintiff's claim. First, this Court specifically

addressed Plaintiff's argument that the Eight Words were relevant ████████████████████

██████████████████ Op. at 13-16). The Court quoted directly from Plaintiff's

opposition brief and then stated that it "does not agree" with Plaintiff's position that the Eight

Words were highly probative of the breach element. (Id. at 15).[2]

The Court also expressly acknowledged Plaintiff's belief that the personal relationship

between Fusari and Lady Gaga contributed to the damages element.  (Op. at 13, "[T]he personal

relationship between Germanotta and Defendant Fusari was relevant, according to Plaintiff, to the

'breach' element of her breach of fiduciary duty cause of action and contributed to damages.").

Although the Court's analysis focused on the breach element, the Court's finding on the probative

value of the Eight Words as to the breach is equally applicable to their value on the damages

element.  That is, ultimately the Court concluded that

> if Lady Gaga's deposition testimony had been the extent of or the only corroborating piece
> of evidence Plaintiff had to depict her allegation ████████████████████████████
> ████████████████        ██████████████████████████████████████████████
> ██████████████████████████████████████████████████████████████████████a
> personal relationship does not bolster a breach of fiduciary duty claim.  Therefore, the
> evidence at issue had little to no probative value.

(Op. at 16).  Thus, the Court disagreed with Plaintiff's position, taken in her brief in opposition to

the new trial motion (ECF No. 587 at 16) and raised again by Plaintiff herein, that the Eight Words

"provided substantial, non-cumulative evidence that demonstrated that Lady Gaga was sufficiently

████████████████████████████████████████████████████████████████████

█████████ (Pl.'s Mov. Br. at 14).

Lastly, Plaintiff argues that "the Court overlooked factors under [Federal Rule of Civil

Procedure] 61 that determine whether 'justice' requires a new trial."  (Pl.'s Mov. Br. at 15-19).

These factors allegedly overlooked are: (1) evidence (aside from the Eight Words) that could lead

a reasonable jury to decide in favor of Plaintiff; (2) that the Court did not expressly consider

---

[2] Moreover, in its Opinion, the Court noted that Plaintiff raised this "undue influence theory" for
the first time in her opposition to Defendant's motion for a new trial. (Id.).

granting a new trial with respect to the fiduciary duty issue alone; (3) that Fusari's counsel made a "strategic decision" to not object to the admission of the Eight Words more fervently; and (4) that Fusari's actions in withdrawing an excess of $2.1 million from his bank account after the verdict demonstrate his attempt to avoid the effect of a federal judgment. (Id.).

The Court did not overlook these factors. Indeed, the Court was well-aware of the Rule 61 standard, which provides that "[u]nless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial." Fed. R. Civ. P. 61. The Opinion recognizes that the granting of a new trial is necessary where it is "highly probable" that evidentiary errors affected a defendant's "substantial rights." (Op. at 11, quoting *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916 (3d Cir. 1985). While the Court did not explain every piece of testimonial evidence that favored Plaintiff, the Court was well aware of all evidence presented during the trial and it clearly explained that the admission of the deposition testimony resulted in a high probability that Defendant's substantial rights were affected. (Id. at 20-21).

With regards to Plaintiff's claim that the Court failed to consider granting a new trial only as to the fiduciary duty issue, the Court declines to respond to this argument as it was not made in Plaintiff's brief in opposition to the underlying motion for a new trial.[3] (See ECF No. 587); *see Resorts Intern., Inc.*, 830 F. Supp. at 831. Similarly, the Court will not consider the argument that Plaintiff has raised for the first time in her moving brief that Defendant and his counsel strategically

---

[3] In any event, the Court's Opinion noted that Fusari's counsel objected to the admission of the Eight Words at sidebar (Op. at 19-20) and that even prior to trial Defense counsel filed a motion *in limine* seeking to exclude Lady Gaga's testimony (Op. at 14). The Court agrees with Defendant that "nothing more was required" and that "[t]here is no rule of law which requires counsel, as Plaintiff seems to suggest, to follow a rejection of his objection by saying, 'I strenuously object.'" (Def.'s Opp. Br. at 7).

declined to take corrective actions to mitigate any prejudicial effect that the Eight Words could have had on the jury. (Pl.'s Mov. Br. at 17).[4]

Lastly, the Court address Plaintiff's concern over what she alleges to be Fusari's attempt to avoid any effect of a jury verdict by removing more than $2.7 million from his financial account after the verdict was issued and for allegedly failing to account for more than half of that sum of money. (Pl.'s Mov. Br. at 19). The Court did not expressly address this concern in its Opinion; however, the Court finds that Defendant Fusari's actions after the close of the trial do not influence the Court's finding that the Eight Words were unduly prejudicial in that their admission resulted in a high likelihood that the jury would render a decision based on an improper basis. (See Op. 16-20). Accordingly, the Court has not overlooked a "dispositive factual matter" that would require vacatur of this Court's September 3, 2015 Opinion and Order. *See McGovern*, 2008 WL 58820, at *2.

In summary, the Court finds that Plaintiff has not met the high standard required to achieve success on a motion for reconsideration.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied. An appropriate Order accompanies this Opinion.

---

[4] The Court notes that in Starland's opposition to the underlying motion, she argued (based upon her misunderstanding at the time that PX 311 had not been offered into evidence) that "Fusari could have offered PX 311 to eliminate any conceivable misunderstanding" that ███████████ ████████████████████████████ (ECF No. 587 at 17). Having properly noted in her Reply Brief to the pending motion that PX 311 was, in fact, admitted into evidence (Pl.'s Reply Br. at 1, n.1), Starland now argues that Fusari could have "virtually, if not completely, eliminated any inference █████████████████████ (Id. at 6-7). Even if the Court were to consider this belated argument, the Court agrees with Defendant that calling attention to this exhibit would have done little to mitigate the prejudicial nature of the Eight Words.

IT IS SO ORDERED.

DATED:       February _17th_, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE